IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CASSIE WADE<br><br>    Plaintiff,<br><br>vs.<br><br>BONNEVILLE BILLING AND COLLECTIONS, INC.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:13-CV-00203<br><br>Judge Dee Benson |

This matter is before the court on defendant's motion for summary judgment and plantiff's motion for partial summary judgment. (Dkt. Nos. 43 & 39.) Plaintiff Cassie Wade is represented by JoshuaTrigsted and defendant Bonneville Billing and Collections, Inc. is represented by Ronald F. Price and Jeffrey I. Hasson. Having considered the parties' briefs and the relevant law, the court enters the following Memorandum Decision and Order.

**BACKGROUND**

In August of 2012, Bonneville obtained a judgment against Wade in Utah's Third District Court for $1,194.69, based on five accounts assigned to Bonneville. Bonneville was also assigned an account from Questar Gas but acquired the account after the judgment. Wade claims that Bonneville violated Section 1692 (e)(10) of the Fair Debt Collection Practices Act (the

"FDCPA") by making a number of false and deceptive statements during its communications with Wade regarding her payment obligations.[1]

Specifically, during the fall of 2012, Wade called Bonneville with questions about her payment obligations under the judgment. Bonneville has produced the recordings of at least six calls Wade made to Bonneville and attached them as exhibits to its original motion for summary judgment. (Dkt. No. 23-1, Exs. A-G.) The dates of the calls were September 6, December 1, and four separate calls on December 31, 2012.

Wade claims that during these conversations, and others, Bonneville (a) promised to, but did not, send her a statement identifying multiple accounts that Bonneville was seeking to collect from her, (b) subsequently agreed to, but failed to honor, a payment plan consisting of payments in the amount of $50 twice a month, and (c) falsely stated on December 31, 2012, that she had not made any $50 payments, or any payments in December 2012. (Am. Compl. ¶¶ 9-13.) These claims are analyzed below.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). "[T]he plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon

---

[1] Defendant asserts that the FDCPA does not apply because a judgment is not a "debt" for purposes of the statute. However, defendants disregard the plain language of the statute which states that a debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction ..., *whether or not such obligation has been reduced to judgment.*" 15 U.S.C § 1692(a) (emphasis added). Defendant also relies on a case from the District of Oregon for this proposition, but takes that court's discussion about debts "reduced to judgment" out of context. See Denman v. Mercantile Agency, 2012 WL 1698173 (D. Or. May 11, 2013) (noting that a judgment is not the same as a debt, but only for purposes of explaining that, pursuant to 15 U.S.C. 1692(g)(a), a debtor may only dispute the validity of the underlying debt not the judgment itself).

motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) (citations omitted). Moreover, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Id. at 252.

## II. Paragraph Nine of the Amended Complaint

In Paragraph nine of her amended complaint, Wade claims that, in an unrecorded call made shortly after the recorded conversation on September 6, 2012, a Bonneville employee agreed to send her a list of her debts but then never sent the list. She claims that this violated Section 1692 (e)(10) of the FDCPA, which states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> **(10)** *The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

15 U.S.C.A. § 1692(e) (10)(emphasis added).

For a statement to violate this section of the Act, it must be material. In the Ninth Circuit case Donohue v. Quick Collect, Inc., the Court reasoned that assessing materiality under §1692(e) requires an "objective analysis that considers whether '*the least sophisticated debtor would likely be misled by a communication*.'" 592 F.3d 1027, 1027 (9th Cir. 2010) (emphasis added) (citation omitted). It held that "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under 1692e." Id. The Court went on to note that the purpose of the FDCPA, "to provide information that helps

3

consumers to *choose intelligently*," would not be furthered by creating liability as to immaterial information because "by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." Id. at 1033.

The court concludes that the alleged promise to provide a list of debts underlying her judgment is immaterial because it is undisputed that Bonneville discussed each of the debts underlying the judgment during the September 6, 2012, call. Thus, failing to provide an additional list would not "mislead the least sophisticated consumer" in "choos[ing] intelligently" how to deal with the debt.

### III. Paragraph Ten of the Amended Complaint

Similarly, in paragraph ten of her amended complaint, Wade claims that Bonneville violated the same section of the FDCPA when it did not uphold an alleged agreement that she could make two $50 payments each month at whatever time during the month that was convenient for her. Conversely, Bonneville claims the arrangement was to make the $50 payment every two weeks. The only evidence supporting Wade's assertion is from her own declaration where she claims she spoke with an attorney for Bonneville in November who agreed to such a plan. (Dkt. No. 44.)

At this phase in litigation, discovery has ended and Wade has produced no evidence beyond her own declaration. Importantly, her declaration is clearly contradicted by her statements made during the December 1, 2012 phone call where she admits the payments are due every two weeks. Accordingly, the court finds that no reasonable jury could decide this disputed fact in favor of Wade. Furthermore, even if the court decided that there was a genuine dispute as to this issue, it would find that the statement was immaterial because Wade's statements demonstrate that, as of December 1, 2012 at the latest, any supposed agreement was clearly

4

superseded by a mutual understanding that the payments were to be made every two weeks. Thus, the prior representation would not "mislead the least sophisticated consumer" in "choos[ing] intelligently" how to deal with the debt and the statement would therefore be immaterial.

## IV. Paragraph Eleven of the Amended Complaint

Next, Wade claims that Bonneville violated the act by stating, in a call on December 31, 2012, that her last payment was "last month," when in fact plaintiff had made a payment on December 1, 2012. First, the employee who made the statements corrected herself and stated that a $50 payment had been made on December 1, 2012. Second, whether the $50 payment was made in November as opposed to having been made on December 1, 2012 would not affect her actions in fulfilling her obligation to make a payment every two weeks. Accordingly, the statement was immaterial because it is undisputed that Wade agreed during the December 1, 2012 call that a payment would be due by mid-December at the latest, and not on December 31, 2012, when she called again to inquire about her obligations.

## V. Paragraph Twelve of the Amended Complaint

In paragraph twelve of her amended complaint, Wade claims Bonneville falsely represented that there had never been an agreement regarding two monthly payments of $50. However, upon analyzing the entire conversation in context, it is clear that the Bonneville employee was not denying the existence of a payment schedule but simply that Wade had ever followed through with such a plan. The employee was apparently trying to ascertain why Wade had not made the payment that was due in mid-December. Given the context of the conversation, the statement was immaterial because it would not "mislead the least sophisticated consumer" in "choos[ing] intelligently" how to deal with the debt.

## VI. Paragraph Thirteen of the Amended Complaint

In paragraph thirteen of her complaint, Wade claims that Bonneville falsely told her that she had not made any payments in December 2012. While the Bonneville employee did make this statement, the statement must be analyzed in context of the entire conversation. Here, the employee who made the statement corrected herself moments later by stating that a payment had been made on December 1, 2012. Upon even a cursory analysis of this conversation, it is clear that the employee was referring to the fact that Wade had never faithfully made her regularly recurring two-week payments. Accordingly, because the statement was corrected, and because the employee's intended meaning becomes clear when viewed in context of the entire conversation, the statement was not material and therefore did not violate the FDCPA. As with the claim in paragraph twelve, Wade seems to be selectively emphasizing certain statements while entirely disregarding others.

## CONCLUSION

For the foregoing reasons, the court concludes that Bonneville did not violate Section 1692(e) (10) of the FDCPA. Accordingly, plaintiff's motion is DENIED and defendant's motion is GRANTED.

DATED this 15th day of July, 2014.

_____
Dee Benson
United States District Judge